UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANIEL CARTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONVERGYS CUSTOMER MANAGEMENT GROUP, INC. an Ohio corporation,<br><br>　　　　　　Defendant. | Case No. 4:19-cv-016-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Concentrix and a motion to strike/motion in limine filed by plaintiff Carter.  The Court heard oral argument on July 9, 2020, and ruled from the bench, granting the motion to strike/motion in limine and denying the motion for summary judgment.  This written decision supplements the comments made from the bench.

## FACTUAL BACKGROUND

Carter sued Concentrix for wrongful termination and violation of the ADA.  She alleges that she was fired because she had properly claimed leave under the Family Medical Leave Act (FMLA) and had requested accommodations for her disability.  In response, Concentrix argues that it fired Carter for bringing a Taser-like object to the

workplace in violation of company policy, a reason that had nothing to do with Carter's FMLA history or disability.

Carter was fired by Travis Standley, Concentrix's Human Resources Director. In explaining why Carter was fired, Concentrix alleges that "[c]orporate security felt that whether Carter had a toy or real taser, this was a violation of the weapons policy and required termination." *See Undisputed Facts (Dkt. No. 24-1)* at ¶ 50. According to Concentrix, "[w]ith issues of weapons, corporate security provides guidance and is the ultimate decision maker." *Id.* at ¶ 51. Standley confirms this in his deposition testimony where he agrees that "the final decision maker in this [was] corporate security." *See Standley Deposition (Dkt. No. 24-7)* at p. 53. Concentrix then explains that [b]ecause corporate security required termination, Standley called Carter back into his office later in the day on March 14, [2017]. *Id.* at ¶ 52. At that meeting "Standley told Carter that she was being terminated for bringing the taser to work." *Id.* at ¶ 53.

The corporate security officer who required Standley to fire Carter has never been identified by Concentrix. Carter has moved to strike any testimony about what the security officer told Standley. Concentrix has moved for summary judgment arguing that there are no questions of fact rebutting their claim that Carter was fired for bringing the Taser-like object to work.

## ANALYSIS

The Court will take up first Carter's motion to strike/motion in limine to exclude any testimony about the security officer's statements. Carter argues that Standley's

statement recounting what the security officer told him is hearsay.  Concentrix responds that it is not hearsay and that if it is, exceptions exist.

Actually, the analysis starts not with hearsay but with relevance, and it begins by asking a question:  Why is the statement being offered?  Concentrix answers that question in its briefing:  "This testimony is offered solely to demonstrate that the ultimate decision maker was unaware of Carter's accommodation requests and use of FMLA leave in making the decision that Carter should be terminated."  *See Reply Brief* (Dkt. No. 30) at pg. 2.

According to Concentrix's own words, the relevance of the statement depends on a fact:  That the security officer was "unaware of Carter's accommodation requests and use of FMLA leave."  Rule of Evidence 104(b) requires that "[w]hen the relevance of the evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."  The Court must determine "whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence."  *See Huddleston v. U.S.,* 485 U.S. 681, 689 (1988)).

What evidence would allow a reasonable juror to determine that the security officer "was unaware of" Carter's FMLA history?  There is none.  Concentrix has never identified the security officer.  A reasonable juror would have to engage in complete speculation – unsupported by any evidence – to assume that the unidentified security officer was unaware of Carter's FMLA history.

Because the security officer's statement is relevant only if Concentrix can prove that he or she was unaware of Carter's FMLA history, and because Concentrix has offered no evidence to support that fact, the statement is irrelevant and must be excluded.

But even if the statement has some relevance, it must be excluded under Rule 403. Concentrix claims the security officer was the "ultimate decision maker" who "required termination" but cannot tell Carter who that person was. Carter has no way of challenging Standley's statements about what the security officer told him, what information the security officer had about Carter, and whether any such conversation actually took place, among other issues. The prejudice to Carter substantially outweighs any probative value of the statements. This is precisely the type of evidence that Rule 403 was designed to exclude.

But, the Plaintiff is also correct that these statements are hearsay. It is true that statements offered not for the truth of the matter asserted are not hearsay. And, Concentrix claims that the mere fact that the un-named corporate security officer *said* that the possession of the toy taser violated corporate policy and required immediate termination has independent relevance. But, this is belied by Concentrix's contention that the un-named corporate security officer was the decision-maker. This makes everything about the security officer's statement central to this case – not just that he or she announced a decision to fire the Plaintiff. Given the centrality of that decision to this case, the Plaintiff is entitled to explore the basis for that decision – including precisely what information was communicated to the security officer, whether he or she was advised of the Plaintiff's employment history, whether the security officer was vested

with any discretion in this decision, whether he was made aware of Carter's accommodation requests and use of FMLA leave, and whether that played any role their decision that Carter should be terminated.  That exploration can only be done through cross examination.

Another way of viewing this, is to acknowledge that embedded in the un-identified corporate security officer statement are clear factual assertions – that the speaker had been fully informed by Standley as to the circumstances, that the speaker had made an adequate investigation of the facts to draw a conclusion as to what occurred, that the speaker had concluded that Plaintiff's possession of the toy taser violated corporate policy, that the speaker had no discretion, that the speaker did not base their decision in any way on Plaintiff's accommodation requests and FMLA leave, and that the speaker believed that immediate termination was the only option.  Those embedded factual matters are inextricably intertwined in the security officer's statement and require that the Plaintiff be afforded the opportunity to challenge those factual assertions through the refiner's fire of cross examination.

And no exception applies.  It is not fall within the state of mind exception of Rule 803(3), which only applies to "A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)."  Announcing the results of an investigation, with all that would entail, simply does not fall within the exception.  Similarly, it is not a present sense impression under Rule 803(1) – which applies only to "a statement describing or explaining an event or condition while or immediately after declarant

**Memorandum Decision & Order – page 5**

perceived it."  Here the unidentified corporate security officer is not describing something he observed, but is indicating a decision made.

In essence, the Defendant has turned an unidentified individual into the decision-maker, and then argues that the Plaintiff, the Court and the jury cannot question that decision.  This, the Rules of Evidence will not allow under Rules 104(b), 402, 403, and 802.

The Court will therefore grant Carter's motion to strike/motion in limine and exclude any testimony relating to statements of the security officer.

Turning next to Concentrix's motion for summary judgment, it must be denied now that the central reason offered by Concentrix to justify the firing – the security officer's requirement that she be terminated – has been excluded.  Concentrix argues that even with the statement's exclusion, summary judgment must still be granted because there is no evidence that Carter made a request for a standing desk, the accommodation request that she alleges was the real reason for her termination.  But there are questions of fact on that issue because Carter has alleged that she made the request to a female Human Resources Supervisor, and the Supervisors who have denied hearing of her request are all males.  Concentrix argues that Carter was required to fill out an accommodation form and failed to do so, but Carter claims that her direct supervisor told her not to fill out the form but make the request verbally.  There allegations create issues of fact that cannot be resolved on summary judgment.

Even if the security officer's statements are not excluded, summary judgment must be denied.  Concentrix states that there were four security officers on duty during the time

Carter was fired, and was only able to locate three of them who each denied speaking to Standley.  Concentrix was apparently able to identify the fourth security guard but he or she never responded to their inquiries.  Concentrix's inability to locate its own former employee – and the key witness upon whom they rely for their defense – could raise a serious question in a reasonable juror's mind as to whether the claimed statements were ever made.  That is sufficient in itself to deny summary judgment.

For these reasons, the Court will deny the motion for summary judgment and grant the motion to strike any testimony regarding the statements of the security officer.

## ORDER

For the reasons expressed in the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 24) is DENIED.

IT IS FURTHER ORDERED, that the motion to strike/motion in limine  (docket no. 29) is GRANTED, and any testimony regarding the security officer's statements about Carter's firing are excluded.

DATED: July 13, 2020

B. Lynn Winmill
U.S. District Court Judge